IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DERRIN NIELSON, SAMUEL GRISWOLD, | * | |
| CHAD DUET and STEVEN SCOGGINS | * | CIVIL ACTION NO: 10-74 |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| EAGLE TUGS, LLC, a corporation; | * | ADMIRALTY AND MARITIME |
| the M/V MR. LESTER, its hull, | * | CLAIM UNDER RULE 9(h) |
| engines and appurtenances, *In Rem*; | * | |
| CHAISSON TUGS, LLC, | * | |
| a corporation; and the M/V | * | |
| CARL T, its hull, engines and | * | |
| appurtenances, *In Rem*, | * | Filed pursuant to 28 U.S.C. §1916, |
| | * | permitting seamen to file suit |
| Defendants. | * | without pre-payment of costs |

## SEAMEN'S COMPLAINT FOR EARNED WAGES

Come now the Plaintiffs, by their attorneys of record, and for causes of action against the Defendants, EAGLE TUGS, LLC, the M/V MR. LESTER, CHAISSON TUGS, LLC, and the M/V CARL T, allege as follows:

1. The Plaintiffs, DERRIN NIELSON, SAMUEL GRISWOLD, and STEVEN SCOGGINS are residents of the state of Alabama; CHAD DUET is a resident of the state of Louisiana. All of them were employed as seamen in the crews of the M/V MR. LESTER and M/V CARL T, at the times and dates stated below, and are owed wages for their employment as members of the crews of said vessels as set forth herein.

2. The Defendant, EAGLE TUGS, LLC, is a corporation believed to be organized under the laws of the State of Alabama, having its principal place of business at

5520-1 Business Parkway, Theodore, Alabama 36582. The Defendant, CHAISSON TUGS, LLC, is a corporation apparently organized under the laws of the State of Louisiana, having its principal place of business at 5520-1 Business Parkway, Theodore, Alabama 36582. Said Defendants have been and are now doing business within the county of Mobile, state of Alabama, and are subject to jurisdiction of this Court.

3. The M/V MR. LESTER is an inland waters tug, approximately fifty feet in length, which is own and operated by the Defendant, EAGLE TUGS, LLC. Said vessel is now or will be within the Southern District of Alabama and within the jurisdiction of this Court. The M/V CARL T is an inland waters tug approximately fifty feet in length, which is own and operated by the Defendant, CHAISSON TUGS, LLC. Said vessel is now or will be within the Southern District of Alabama and within the jurisdiction of this Court.

4. This Court has jurisdiction over the subject matter of this action by virtue of its admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

## Cause of Action for Derrin Nielson

5. For some time prior to August 1, 2009, the Plaintiff, Derrin Nielson, was employed by the Defendants to serve on various dates as pilot or wheelman aboard one or both of said vessels, at a pay rate agreed to be $350.00 per day.

6. During the week ending September 15, 2009, this Plaintiff worked seven days as pilot or wheelman aboard the M/V MR. LESTER, and his wages were underpaid at a rate of $225.00 per day. He is owed $875.00 in earned wages for work performed in

the crew of said vessel during that week.

7. During the week ending September 22, 2009, this Plaintiff worked as pilot or wheelman aboard the M/V MR. LESTER for four days, and his wages were underpaid at a rate of $300.00.  He is owed the sum of $200.00 for wages earned that week.

8. During the week ending September 29, 2009, this Plaintiff worked as pilot or wheelman for one day aboard the M/V MR. LESTER, and his wages were underpaid at a rate of $225.00 per day.  He is owed $87.50 for the work performed during that week.

9. During the week ending October 6, 2009, this Plaintiff was employed for four days as pilot or wheelman aboard the M/V MR. LESTER, and his wages were underpaid at $225.00 per day.  He is owed $500.00 in wages earned during that week.

10. During the week ending October 6, 2009, this Plaintiff was employed as pilot or wheelman aboard the M/V CARL T for one and one-half days.  His wages were under paid at the rate of $225.00 per day and he is owed wages of $187.50 earned aboard the M/V CARL T during that week.

11. During the week ending October 13, 2009, this Plaintiff was employed aboard the M/V MR. LESTER as pilot or wheelman for seven days.  His wages were underpaid at the rate of $250.00 per day, and he is owed $700.00 for wages earned during that week.

12. During the week ending October 20, 2009, this Plaintiff was employed as pilot or wheelman aboard M/V MR. LESTER for two and one-half days.  His wages were under paid at the rate of $200.00 per day, and he is owed wages earned during that week

of $375.00.

13.     During the month of November, 2009, this Plaintiff was employed aboard one or both of said vessels as pilot or wheelman for a total of seven days. His wages were under paid at $100.00 per day, and he is owed $1,750.00 in wages earned during that period of time.

14.     Beginning on December 1, 2009, the Plaintiff was employed by the Defendants to serve on a voyage in which the M/V MR. LESTER and M/V CARL T were being operated together, each of them operating on only one engine, were attempting to push a tow of loaded coal barges from New Orleans, Louisiana, to Birmingham, Alabama. The Plaintiff served as pilot or wheelman aboard both of said vessels during the time he was aboard during that voyage. On December 15, 2009, the two tugs running on one engine each, and one with only one functional rudder, were barely making any headway against high water in the Tennessee Tombigbee Waterway. There was not enough fuel aboard the vessels at the time to complete the trip, and the sump pumps on the M/V MR. LESTER had failed so that water leaking in through the shaft opening was going into the bilge of the vessel. During the course of the trip, the second engine on the M/V CARL T failed on or about December 8, 2009, when the flotilla was above the Coffeeville lock on the Tombigbee River. During this voyage, the M/V CARL T had no running water and no food, and had no operating sewer system. The M/V CARL T had only one of the two VHF radios required under Coast Guard regulations. It had no running lights, other than one red light on the port side of the tug,

because the others had been torn off during one or more of the several times that the flotilla ran into the bank of the Tombigbee River. The vessels were unsafe and unseaworthy because of those conditions. Further, the Defendants failed to make payment of wages earned by this Plaintiff which we were due on October 14, 2009. Therefore, because the Defendants had failed to pay wages and because of the unseaworthy condition of the vessels, this Plaintiff got off of the vessels on December 15, 2009, at mile marker 160 on the Tombigbee River, south of Demopolis, Alabama, and returned home. This Plaintiff has made demand for payment of the wages earned during his service as a member of the crew of said vessels for 15 days, but the Defendants have failed and refused to pay wages earned by this Plaintiff.

WHEREFORE, the Plaintiff, Derrin Nielson, demands judgment against the Defendants for his earned wages totaling approximately $9,000.00, plus pre-judgment interest thereon, attorney fees and costs of Court, and such other and further relief as he may be entitled.

## Cause of Action for Samuel Griswold

15. The Plaintiff, Samuel Griswold, was employed by Defendants as Captain, and served at various times aboard of the M/V MR. LESTER and M/V CARL T, at a wage rate of $400.00 per day.

16. On December 1, 2009, the Plaintiff, Samuel Griswold, joined the flotilla of vessels consisting of the M/V MR. LESTER, the M/V CARL T, and four barges for a voyage which started on December 1, 2009, in which the two tug boats were operated

together in this voyage pushing loaded coal barges to Birmingham. During the course of that voyage, this Plaintiff served as Captain on both the M/V MR. LESTER and M/V CARL T, and was the only licensed Captain aboard either vessel. During the course of that voyage, the tugs suffered from all of the conditions set forth above, and the crew had a difficult time getting the tow of barges to Birmingham, arriving on December 24, 2009. At that time, the Plaintiff, Samuel Griswold, was paid only for three and one-half days at $400.00 per day, out of the twenty four days he had served aboard the vessel. This Plaintiff departed the employment of the Defendants at the end of that voyage in Birmingham. He has demanded payment from the Defendants of the balance of his earned wages, totaling $8,200.00, but the Defendants have failed and refused to make payment to him.

WHEREFORE, the Plaintiff, Samuel Griswold, demands judgment against the Defendants for his earned wages totaling $8,200.00, plus pre-judgment interest thereon, attorney fees and costs of Court, and such other and further relief as he may be entitled.

### Cause of Action for Chad Duet

17.    For some time prior to December, 2009, the Plaintiff, Chad Duet was employed by the Defendants as a pilot or wheelman working aboard the vessels operated by the Defendants at a pay rate of $300.00 per day. On December 16, 2009, he joined the crew of the flotilla consisting of the M/V MR. LESTER and M/V CARL T, which was then attempting to push coal barges to Birmingham up the Tennessee Tombigbee Waterway. He served as pilot and wheelman of the vessels from that date until the tugs

and barges returned to the port of Theodore, Alabama, on January 9, 2010. This Plaintiff was employed in the crew of said vessels for a total of twenty four days, at a pay rate of $300.00 per day. The Defendants have failed to make payment of those earned wages to this Plaintiff, and he is owed earned wages totaling $7,200.00.

WHEREFORE, the Plaintiff, Chad Duet, demands judgment against the Defendants for his earned wages totaling $7,200.00, plus pre-judgment interests thereon, attorney fees and costs of Court, and such other and further relief as he may be entitled.

### Cause of Action for Steven Scoggins

18. The Plaintiff, Steven Scoggins was employed by the Defendants as Captain of the above vessels, at a pay rate of $500.00 per day. During the month of August, 2008, he was not paid for three of the days on which he worked aboard said vessel, and is owed $1500.00 in earned wages for those days. Further, in July, 2008, the Defendants stopped payment on a pay check to him the net amount of $1,641.00, and had failed to issue a replacement check for that wage payment. Therefore, this Plaintiff is owed the additional sum of $1,641.00 in wages due him net of income taxes in that amount.

WHEREFORE, the Plaintiff, Steve Scoggins, demands judgment against the Defendants for his earned wages totaling $3,141.00, plus pre-judgment interests thereon, attorney fees and costs of Court, and such other and further relief as he may be entitled.

### *In Rem* Claim Against the M/V MR. LESTER and M/V CARL T

The Plaintiffs re-allege all of the facts set forth in the foregoing paragraphs in this complaint as it fully set forth herein, in addition thereto allege as follows:

19.     The earned wages of the Plaintiffs constitute valid and subsisting maritime liens against the M/V MR. LESTER and M/V CARL T for the wages earned by each of these crewmen while serving aboard said vessels. Said wage liens have the highest priority as liens against the vessels under federal maritime law. The Plaintiffs request that such amounts due the Plaintiffs be declared to be liens against the M/V MR. LESTER and M/V CARL T, or the proceeds from the sale of said vessels, and the Plaintiffs seek such other, further and different relief to which they may be entitled.

WHEREFORE, THE PREMISES CONSIDERED, THE PLAINTIFFS PRAY AS FOLLOWS:

(a)     The process due form issue from this Court according to the form and practice of this Court in causes of admiralty and maritime jurisdiction, against the M/V MR. LESTER and the M/V CARL T, their engines, hulls, tackle, equipment and appurtenances, citing all persons claiming any right, title or interest therein to appear and answer under oath all of the matters of aforesaid.

(b)     That process and due form of law issue against the Defendants, Eagle Tug, LLC, and Chaisson Tugs, LLC, citing said Defendants to appear and answer all the matters set forth above.

(c)     That the Court order and adjudge that the claims of the Plaintiffs be declared to be valid and subsisting liens against the M/V MR. LESTER and the M/V CARL T, their engines, hulls, tackle, equipment and appurtenances, and that the said vessels be condemned and sold to pay for the claims of the Plaintiffs; and that judgment

be entered against the Defendants, Eagle Tugs, LLC, and Chaisson Tugs, LLC, in the sums of aforesaid, with interests thereon, attorney fees and costs of this action.

> */s/Ross Diamond III*
> ROSS DIAMOND III   (DIAMR8302)
> DIAMOND FUQUAY, LLC
> Attorneys for Plaintiff
> 61 St. Joseph Street, Suite 210
> Post Office Drawer 40600
> Mobile, AL  36640-0600
> (251) 432-3362 Phone
> ross@diamondfuquay.com  E-mail

Please prepare summons for service upon the Defendants, Eagle Tugs, LLC, and Chaisson Tugs, LLC, by private process server at the following address:

Eagle Tugs, LLC
5520-1 Business Parkway
Theodore, Alabama 36582

Chaisson Tugs, LLC
5520-1 Business Parkway
Theodore, Alabama 36582

Please withhold issuance of the writs of attachment of the M/V MR. LESTER and M/V CARL T until we can ascertain the locations of said vessels and employ substitute custodians to care for the vessels after attachment.